793 F.2d 1294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RAY LETCHER WILLIAMS, Petitioner-Appellant,
v.
JAMES H. ROSE, Warden, Tennessee State Penitentiary; and
WILLIAM M. LEECH, JR., Attorney General, State of
Tennessee, Respondents-Appellees.
 84-5828
 United States Court of Appeals, Sixth Circuit.
 5/22/86
 
 AFFIRMED
 E.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 Before: KENNEDY and RYAN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 RYAN, J.
 
 
 1
 Ray Williams appeals the denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. Williams was tried and convicted of first-degree murder by a Tennessee jury. He was sentenced to life imprisonment and is presently incarcerated in a Tennessee state prison.
 
 
 2
 Williams asserts he was denied effective assistance of counsel at trial in violation of the sixth amendment, and that the prosecution's pretrial suppression of certain evidence that was used to identify the murder victim denied him a fair trial in violation of the due process clause of the fourteenth amendment. Williams' right to raise these issues in the Tennessee state courts was barred by procedural default. His inability to demonstrate prejudice for his failure to comply with the Tennessee contemporaneous objection rule bars review of his claim that evidence was improperly suppressed. His ineffective assistance of counsel claim is without merit. We, therefore, affirm the district court's denial of his habeas corpus petition.
 
 I.
 
 3
 The following facts are drawn from the decision of the Tennessee Court of Criminal Appeals which denied Williams' direct appeal. Williams was convicted of the murder of Dicie Gorman, a sixty-three year old woman who was ostensibly his drinking companion. Gorman was last seen alive in late June, 1978. The last person she was known to be with was Williams. The weekend she disappeared, she was a guest at Williams' apartment in Chattanooga, Tennessee.
 
 
 4
 Gorman's badly decomposed body was found inside a cardboard box in a heavily wooded area about forty-five minutes by car from Chattanooga. The cardboard box was originally used to transport an air conditioner, and was identified at trial as a box discarded by Williams' employer in late June, 1978.
 
 
 5
 Mrs. Gorman was four feet, nine inches tall, and thin. She had brown hair, no teeth, and had undergone a hysterectomy. The decomposed body found by the police matched Gorman's physical characteristics. In addition, the blood vessel lines of the skull of the body, as revealed by X-rays (trial Exhibits 30 and 31), matched those in skull X-rays taken of Gorman while she was alive (trial Exhibit 29). No two humans have the same pattern of blood vessel lines on their skulls. The jury concluded the body found was Dicie Gorman.
 
 
 6
 The existence of Exhibit 29 was not disclosed to Williams during pretrial discovery. At trial, the state declared that the failure to disclose the existence of the X-rays to Williams was inadvertent. The X-rays were unintentionally left with the Georgia Crime Lab when they were taken to the lab for comparison with skull X-rays of the deceased. Exhibit 29 was introduced into evidence at the end of the direct examination of Dorothy Reed, Technical Director of the Radiology Department at Tri-County Hospital where the X-rays were stored. Williams' counsel did not object to the admission of the exhibit until he finished cross-examination of Mrs. Reed. The trial judge denied Williams' belated motion to suppress. On direct appeal, the Tennessee Court of Criminal Appeals concluded that Williams waived any objection to the introduction of Exhibit 29 by failure to timely object.
 
 
 7
 Williams also objected, at least on appeal, to the admission of Exhibits 30 and 31. The Tennessee Criminal Court of Appeals concluded that Williams waived any objections by his failure to timely object to the introduction of Exhibits 30 and 31. The court concluded that, even if there had been a timely objection, a pretrial court order permitted inspection of Exhibits 30 and 31, and Williams alleged no conduct on the part of the state which prevented his inspection of Exhibits 30 and 31.
 
 
 8
 Williams did not raise the ineffective trial counsel issue in his direct appeal. He also failed to raise the issue in his first petition for post-conviction relief, which was dismissed. The Court of Criminal Appeals affirmed the trial court's dismissal. The Tennessee Supreme Court denied Williams' request for leave to appeal on February 22, 1983.
 
 
 9
 Williams filed a second petition for post-conviction relief with the trial court in which, for the first time, he argued that at trial he was denied effective assistance of counsel in violation of the sixth amendment. On September 16, 1982, the trial court denied the petition on the grounds that his appeal from the dismissal of the first petition was still pending, and that he had waived his right to raise the issue of his trial counsel's ineffectiveness by failing to include the argument in his first petition for post-conviction relief. The trial court denied Williams' motion for reconsideration. The Tennessee Court of Criminal Appeals dismissed Williams' appeal on September 6, 1983.
 
 
 10
 On April 12, 1983, Williams filed a pro se petition for writ of habeas corpus. He raised several issues, of which only two were considered by the district court: ineffective assistance of counsel at trial and pretrial suppression of the X-ray evidence. The district court concluded that the Wainwright v. Sykes, 433 U.S. 72 (1977), 'cause and prejudice' test applied to Williams' objections to the X-ray evidence. However, the court concluded that the Sykes test did not apply to Williams' ineffective assistance of counsel claim because '[t]he procedural default occurred on appellate review.' The court allowed Williams to amend or supplement his petition
 
 
 11
 in order to determine better the merits of his ineffective counsel allegation and to establish whether 'cause and prejudice' has been shown for the procedural default of the suppression ground.
 
 
 12
 Ultimately, the district court denied Williams' habeas petition. The court concluded that he failed to demonstrate 'cause' for his failure to object to the admission of the X-ray evidence. After consideration of the merits of Williams ineffective assistance of counsel claim, the court also denied Williams relief on that claim. Williams' trial counsel was found to have been competent. The court concluded that Williams' trial counsel did not, in any way, prejudice his right to a fair trial.
 
 II.
 
 13
 Because Williams has failed to demonstrate that he was prejudiced by the admission of the skull X-rays into evidence, we do not decide whether Williams' allegation of trial counsel ineffectiveness constitutes Sykes 'cause' for his failure to timely object to the admission of the X-rays. Under the 'prejudice' prong of Sykes, Williams was required to demonstrate the 'actual and substantial disadvantage' that resulted from admission of the X-ray evidence. Cf. United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original) (habeas appeal under 28 U.S.C. Sec. 2255).
 
 
 14
 The X-ray evidence was used to identify Mrs. Gorman's body; however, it was not the only evidence the state mustered which showed that the badly decomposed body was Dicie Gorman. Her physical characteristics matched those of the deceased. The evidence was sufficiently probative of the fact that the body found was Dicie Gorman that Williams is unable to demonstrate the 'actual and substantial disadvantage' required before we can conclude that he was prejudiced under Sykes.
 
 
 15
 Williams' ineffective assistance of counsel claim is without merit. The district court applied the rule of Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974), and asked whether counsel was 'reasonably likely to render . . . effective assistance.' The district court answered in the affirmative, concluding that Williams' trial counsel was competent and his performance did not deny Williams his right to a constitutionally fair trial. We agree with this conclusion; thus, Williams' ineffective assistance of counsel claim fails. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 16
 For all of the foregoing reasons, the judgment of the district court is affirmed.